UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

TEMETRA RENDER,        Case No. 14-cv-552

       Plaintiff,

vs.

CREDIT ACCEPTANCE CORPORATION, ILLINOIS RECLAMATION BUREAU, INC., JOHN DOE 1, and JOHN DOE 2,

       Defendants.

## COMPLAINT

NOW COMES, Plaintiff, Temetra Render, by and through her attorneys, DeLadurantey Law Office, LLC, and complains of Defendants, Credit Acceptance Corporation, Illinois Reclamation Bureau, John Doe 1, and John Doe 2 and alleges to the best of her knowledge, information and belief formed after an inquiry reasonable under the circumstances, the following:

### INTRODUCTION

### Nature of the Action

1.    This lawsuit arises from an illegal car repossession and collection calls.

2. Causes of Action herein are brought under the Fair Debt Collection Practices Act, 15 U.S.C. § 1681 *et seq.*, the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §227 *et seq.*; and the Wisconsin Consumer Act ("WCA"), Wis. Stat. 421 *et seq*.

**Jurisdiction and Venue**

3. Jurisdiction of this Court arises under 28 U.S.C. § 1331, because the case arises under the laws of the United States.

4. This Court also has jurisdiction pursuant to 15 U.S.C. § 1692k(d) as it is an action to enforce liability created by the FDCPA within one year from the date on which the violation occurred.

5. This Court also has jurisdiction for the TCPA claims, as the TCPA is a federal body of law and it is an action to enforce liability created by the TCPA within four years from the date on which the violation took place.

6. This Court has supplemental jurisdiction over the claims arising under the Wisconsin Consumer Act under 28 U.S.C. §1367, because the Wisconsin Consumer Act claims are related to the FDCPA claims as they arise under the same set of facts, becoming part of the same case or controversy under Article III of the United States Constitution.

7. Venue in this Court is appropriate pursuant to 28 U.S.C. § 1391(b)(2), because this is where the acts giving rise to the claim occurred.

8. Under 28 U.S.C. § 1391(c), a defendant corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction. Defendants are subject to personal jurisdiction in Wisconsin, since they conduct business in Wisconsin.

## Parties

9.  Plaintiff Temetra Render (hereinafter "Ms. Render") is a natural person who resides in the City of Milwaukee, County of Milwaukee, State of Wisconsin, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3) and a "person" as defined by the TCPA, 47 U.S.C. § 153(39).

10. Defendant Credit Acceptance Corporation (hereinafter "Defendant Credit Acceptance") is a foreign business with a principal office of 25505 W 12 Mile Rd., Ste. 3000, Southfield, MI 48034-8339, and a registered agent of Corporation Service Company, 8040 Excelsior Dr., Ste. 400, Madison, WI 53717.

11. Defendant Credit Acceptance is a "creditor" as defined by 15 U.S.C. § 1692a(4) and a "debt collector" as defined by Wis. Stat. 427.103(3).

12. Defendant Illinois Reclamation Bureau, Inc. (hereinafter "Reclamation Bureau") is a foreign business with a principal office of 1007 Trakk Ln., Woodstock, IL 60098-9488, and a registered agent of Olivia P. Dirig, 19333 E. Grant Highway, Marengo, IL 60152.

13. Defendant Reclamation Bureau is a "debt collector" and "any person who uses any instrumentality of interstate commerce in any business the principal purpose of which is the enforcement of security interest," as defined by 15 U.S.C. §1692a(6) and a "debt collector" as defined by Wis. Stat. 427.103(3)..

14. Defendant John Doe 1 is an employee of Defendant Reclamation Bureau, the identity of whom has not yet been discovered.

15. Defendant John Doe 1 is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6) and a "debt collector" as defined by Wis. Stat. 427.103(3)..

3

16. Defendant John Doe 2 is an employee of Defendant Reclamation Bureau, the identity of whom has not yet been discovered.

17. Defendant John Doe 2 is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6) and a "debt collector" as defined by Wis. Stat. 427.103(3)..

## Factual Allegations

18. Defendant Credit Acceptance provided a vehicle loan to Ms. Render at agreed upon terms and/or rates.

19. The vehicle was financed for $6621.51.

20. Ms. Render made a down payment of $2700.00.

21. The vehicle was purchased on February 8, 2012.

22. The vehicle was repossessed by the defendant on April 26, 2014 without notice and without a court order.

23. On April 24, 2014, Ms. Render was returning to her house in the afternoon, riding with her friend.

24. She pulled up to her house and noticed two men in a vehicle, Defendant John Doe 1 (hereinafter "Agent 1") and Defendant John Doe 2 (hereinafter "Agent 2") in a position in front to her car.

25. Ms. Render and her friend sat outside talking in her friend's car.

26. They noticed a tow truck drive up, Agent 1 got out of the vehicle, Agent 2 drove the vehicle away, and the tow truck was able to back up in front of Ms. Render's car.

27. After seeing this, Ms. Render started walking to her car and Agent 1 approached her and asked if she was Temetra Render.

28. Ms. Render identified herself and got into the drivers seat of her car.

29. Agent 1 informed her that he had an order to repossess her car.

30. Ms. Render told him that he did not have an order and that she had never received notice of the repossession.

31. Ms. Render started her car and tried to back up, but Agent 1 stood behind her car in an effort to stop her from backing up.

32. The tow truck continued to position itself, and Agent 2 drove his vehicle and positioned himself behind Ms. Render, effectively blocking Ms. Render in.

33. Agent 1 then came up to the car, put his arm into the car and turned the ignition off and tried to grab the key.

34. Ms. Render started rolling up the window to try to stop him.

35. By this time, Ms. Render's car was partially connected to the tow truck, so she could not move it.

36. She continued to inform them that it was illegal for them to take her car.

37. Agent 1 put his foot in front of the front tire and told Ms. Render if she tried to move forward she was going to run over his foot and that then he would call the police.

38. Ms. Render finally realized it was a hopeless effort to stop them, and she removed her belongings from the car.

39. Agent 1 called the police, and by the time the police arrived, the car was already on the flat bed of the tow truck.

40. Defendant Credit Acceptance is making multiple phone calls to Ms. Render's cell phone every day.

## Count 1 – Violations of the Fair Debt Collection Practices Act
## (15 U.S.C. §1692), as to Defendants Reclamation Bureau, John Doe 1, John Doe 2

41. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

42. The foregoing deliberate acts by Defendants Reclamation Bureau, John Doe 1, and John Doe 2 constitute violations of the FDCPA, including but not limited to 15 U.S.C. §§ 1692d, 1692d(1), 1692e, 1692e(2), 1692e(5), 1692e(10), 1692f, 1692f(1), and 1692f(6).

43. As a result of the above violations of the FDCPA, Ms. Render has suffered emotional distress and out-of-pocket loss, constituting actual damages pursuant to 15 U.S.C. §1692k(a)(1).

44. As a result of the above violations of the FDCPA, Defendants Reclamation Bureau, John Doe 1, and John Doe 2 are liable to Plaintiff for her actual damages, statutory damages, and costs and attorneys' fees, as provided by 15 U.S.C. § 1692k.

## Count 2 – Violations of the Wisconsin Consumer Act (Wis. Stat. 425 *et seq.*),
## as to all Defendants

45. Wis. Stat. §425.206 provides that a lender may seek nonjudicial repossession of the vehicle under the following circumstances:

> (a) The customer has surrendered the collateral or leased goods.
>
> (b) Judgment for the merchant has been entered in a proceeding for recovery of collateral or leased goods under s. 425.205, or for possession of the collateral or leased goods under s. 425.203 (2).

> (c) The merchant has taken possession of collateral or leased goods pursuant to s. 425.207 (2).
>
> (d) For motor vehicle collateral or goods subject to a motor vehicle consumer lease, the customer has not made a demand as specified in s. 425.205 (1g) (a) 3. and, no sooner than 15 days after the merchant gives the notice specified in s. 425.205 (1g) (a), the merchant has taken possession of the collateral or goods in accordance with sub. (2).

46. Defendant Credit Acceptance did not give notice to Ms. Render of the intent to repossess the vehicle.

47. Under Wis. Stat § 425.206 none of the Defendants had a right to take Ms. Render's vehicle.

48. Even if Defendant Credit Acceptance had given notice to Ms. Render of the intent to repossess and notice of the right to cure, the repossession would be governed by Wis. Stat. § 425.206(2), which states, "In taking possession of collateral or leased goods, no merchant may do any of the following: (a) Commit a breach of the peace. (b) Enter a dwelling used by the customer as a residence except at the voluntary request of a customer."

49. A breach of the peace occured when the car was taken after Ms. Render made it clear that she was protesting the repossession.

50. Wis. Stat § 425.206 provides for statutory damages pursuant to Wis. Stats § 425.305 for failure to comply with these notice requirements, which state:

> (1) In a transaction to which this section applies, the customer shall be entitled to retain the goods, services or money received pursuant to the transaction without obligation to pay any amount.
>
> (2) In addition, the customer shall be entitled to recover any sums paid to the merchant pursuant to the transaction.

51. Under Wis. Stat. 425, Ms. Render is seeking to have the lien avoided, seeking the return of payments already made towards the car, and seeking reimbursement of attorney fees and costs.

**Count 3 – Violations of the Telephone Consumer Protection Act (47 U.S.C. §227), as to Defendant Credit Acceptance**

52. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

53. At all times relevant to this complaint, the Plaintiff was and is a "person" as defined by the TCPA, 47 U.S.C. § 153(39), and a subscriber to cellular telephone services within the United States.

54. At all times relevant to this complaint, the Defendant Credit Acceptance has used, controlled, and/or operated "automatic telephone dialing systems" as defined by the TCPA 47 U.S.C. § 227(a)(1) and 47 C.F.R. 64.1200(f)(2).

55. Without Plaintiff's prior express consent, Defendant Credit Acceptance and its collectors and agents repeatedly used an automatic telephone dialing system to call Plaintiff's cellular telephone in an attempt to collect on this debt.

56. Within the four year period immediately preceding this action, the Defendant Credit Acceptance made numerous calls to the Plaintiff's cellular telephone service using an automatic telephone dialing system in violation of the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii), and 47 C.F.R. 64.1200 (a)(1)(iii).

57. The acts and or omissions of Defendant Credit Acceptance at all times material and relevant hereto, as described in this complaint, were done unfairly, unlawfully, intentionally,

deceptively, and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

58. As a causally-direct and legally proximate result of the above violations of the TCPA and the C.F.R., Defendant Credit Acceptance at all times material and relevant hereto, as described in this Complaint, cause Plaintiff to sustain damages.

59. Defendant Credit Acceptance did not have the prior express consent of Plaintiff to use an automatic telephone dialing system to call the Plaintiff's cellular telephone.

60. Under 47 U.S.C. § 227(b)(3)(B), the Plaintiff is entitled to statutory damages under the TCPA of $500.00 per telephone call made to Plaintiff.

61. Defendant Credit Acceptance willfully and knowingly violated the TCPA, and as such the Plaintiff is entitled to $1,500.00 per telephone call made to the Plaintiff pursuant to 47 U.S.C. § 227(b)(3).

## **Trial by Jury**

62. Plaintiff is entitled to, and hereby respectfully demands a trial by jury on all issues so triable.

## **PRAYER FOR RELIEF**

WHEREFORE, Ms. Render prays that judgment be entered against Defendants for:

A. for an award of actual damages pursuant to 15 U.S.C. §1692k(a)(1) against the Defendants Reclamation Bureau, John Doe 1, and John Doe 2;

B. for an award of statutory damages of $1,000.00 per violation of the FDCPA pursuant to 15 U.S.C. §1692k(a)(2)(A) against the Defendants Reclamation Bureau, John Doe 1, and John Doe 2;

C. for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. §1692k(a)(3) against the Defendants Reclamation Bureau, John Doe 1, and John Doe 2;

D. for an award of actual damages, statutory damages, punitive damages (if the evidence at trial so warrants), actual costs, and attorneys' fees, under Wis. Stat. § 427.105 for all Defendant;

E. for an award of statutory damages of $500.00 per call pursuant to 47 U.S.C. § 227(b)(3)(B) against Defendant Credit Acceptance and for Plaintiff;

F. for an award of treble damages of $1,500.00 per call pursuant to 47 U.S.C. § 227(b)(3) against Defendant Credit Acceptance and for Plaintiff;

G. for an injunction prohibiting Defendant Credit Acceptance from contacting the Plaintiff on her cellular telephone using an automated dialing system pursuant to 47 U.S.C. § 227(b)(3)(a);

H. for such other and further relief as may be just and proper.

Dated this 13th day of May, 2014.

DeLadurantey Law Office, LLC

s/ Nathan E. DeLadurantey

Nathan E. DeLadurantey (WI# 1063937)
Heidi N. Miller (WI# 1087696)
DeLadurantey Law Office, LLC
735 W. Wisconsin Ave, Suite 720
Milwaukee, WI 53233
(414) 377-0515; (414) 755-0860 – Fax
Nathan@dela-law.com
Heidi@dela-law.com

# VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF WISCONSIN              )
                                ) ss
COUNTY OF MILWAUKEE             )

Plaintiff Temetra Render, having first been duly sworn and upon oath, deposes and says as follows:

1. I am a Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

_____
Temetra Render

Subscribed and sworn to before me
this 12th day of May, 2014.

_____
Notary Public
My commission is permanent